### BORLAND V. SHARP.

A debt contracted before the war for which, a new note was given since the war, and before the statute, respecting absentees with the enemy, was made, is within the equity of the statute.

ERROR, complaining of a judgment of the County Court in an action Borland v. Sharp, on a note, dated 25th January A. D. 1784, for £157 10s. and interest.

The defendant plead — That on the 6th of October A. D. 1774, he became indebted to John Borland, since deceased, £100 payable with interest; that in April 1775 said John went to and joined the enemy and there remained until his death; that the defendant procured the money in bills to pay said debt, but was unable to get to him and lost the money by depreciation; and after the death of said John said note came into the hands of the plaintiff, who is son and heir of said John, who also was with the enemy, and there continued inaccessible by the defendant until the expiration of the war; that on the 23d of January A. D. 1784 the plaintiff applied to the defendant to renew his note which he did and included all the back interest, not knowing that he could have any relief — and prays for the relief which the statute provides. The County Court inquired into the facts and gave judgment that said debt is within the equity of the statute and expunged the interest from said debt during the war.

Errors assigned — 1st. That said note is not within the provisions of said statute. 2d. That said plea is insufficient. 3d. That said judgment is against law.

Judgment — Nothing erroneous. This is a debt contracted before the war; although the security was renewed since, yet debts are the object of the statute; had the note been renewed since the statute was made, the case would have been otherwise; but it was given when no such statute was thought of by the people in general. The debt now belonging to the heir makes no difference.

This judgment was affirmed in the Supreme Court of Errors.